# WILLIS *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN

No. 3079

December 31, 1934.                                    38 P. (2d) 974.

*Henderson & Marshall,* for Appellant:

449

*C. D. Breeze, H. M. Morse,* and *Guy E. Baker,* for Respondent:

**OPINION**

By the Court, COLEMAN, J. :

In December, 1927, Hiram A. Willis took out a policy of insurance in the mutual insurance department of the defendant, an unincorporated beneficiary society, with plaintiff as beneficiary. He died on May 30, 1932. Being unable to procure a settlement from the defendant, plaintiff brought suit and recovered a judgment. Defendant has appealed from the judgment and the order denying its motion for a new trial.

452

The parties will be referred to as plaintiff and defendants, as in the trial court.

The defendant pleaded two defenses, forfeiture for nonpayment of monthly assessments or dues, and that the action was barred because not brought within the time limit after final rejection of the claim. We quote from defendant's opening brief as follows: "In order to continue deceased's policy in full force and effect to and including the day of his demise on May 30, 1932, it would have been necessary for plaintiff to show that fifty - two (52) monthly installments had been paid. There are introduced in evidence in this cause fifty duly authorized receipts, which are attached to Transcript on Appeal as plaintiff's Exhibit 3. There is one receipt bearing No. 2809 admitted by the trial court subject to objection, which said receipt is attached to Transcript and is a part of this Appeal, as plaintiff's Exhibit No. 4. There is a duplicate deposit slip from the Ruth Bank introduced in evidence as plaintiff's Exhibit No. 5. * * * This exhibit No. 5 was admitted subject to the objection that it is not a receipt for payment of dues as is contemplated by the By-Laws and Constitution of the Brotherhood."

As a basis for its judgment, the trial court found as a fact that at the time of the death of the deceased all of the payments due under the terms of his policy had been made, and that he was in good standing. The court further found that the action was instituted within apt time. If these findings can be sustained, the judgment must be affirmed.

Defendant assigns two errors on this appeal, namely, that the evidence is insufficient to justify the decision of the court, and that the period of contractual limitation had run, thereby barring the action, at the time it was instituted.

We will first consider the question of the sufficiency of the evidence. As we have pointed out, counsel for defendant in their opening brief show that, to enable plaintiff to show that the deceased was in good standing in his payments at the time of his death, it was

necessary only that she show that fifty-two payments had been made. In that same statement of counsel it is said that fifty-one receipts were introduced in evidence, and that one bank deposit slip was introduced in evidence. From this situation it appears, on the face of the matter, at least, that the only question remaining as to this phase of the case is as to the payment to the bank. The deposit slip shows on March 20, 1931, a payment was made on account of dues of H. A. Willis. There is in the record a receipt signed by the financial secretary of defendant, for dues for March, 1931, as of March 25, 1931. It also appears from the receipts that two payments were made in June, 1928, two in August, 1928, three in October, 1928, two in January, 1929, two in April, 1929, two in October, 1929, and two in April, 1930. It also appears that it was the custom over quite a period of time for these payments to be made at the Ruth Bank. Some of the payments were made by the deceased and some by the plaintiff.

1, 2. It is said that the deposit slip is not a receipt for dues or assessments, and hence under subdivision (d), section 13, article 12, of the constitution and by-laws of the defendant, the deposit slip should not have been admitted in evidence. The section mentioned makes it the duty of the financial secretary to collect dues and to issue an official receipt on a form furnished him. We think there is no merit in the contention. If the payments are made, that is all that is required of a beneficiary. We fail also to see the force of the contention relative to the duplicate assessment made for January, 1928. This is pursuant to requirement. Receipts were issued for the duplicate payment due in January, 1928, and fifty receipts for other payments are in evidence, which, counting the one evidenced by the bank deposit slip, which is of a different date from any of the receipts, account for fifty-two payments, unless some of them were duplicate payments. There is a considerable conflict as to the payments. The trial court heard the evidence as to this, and was in a better position than we are to reach a correct conclusion. It

not clearly appearing that the trial court reached a wrong conclusion, we feel bound by its finding on this point. Valverde v. Valverde, 55 Nev. 82, 26 P. (2d) 233.

3. The policy sued upon provides that any action thereon must be instituted within six months from the final rejection of the claim by the highest tribunal of the society. It is contended that the claim was finally rejected on July 1, 1932. This contention is based upon a letter from A. Phillips, the head officer of defendant, of that date. Thereafter, and on August 11, 1932, Mr. Phillips wrote plaintiff relative to the matter, closing his letter by stating: " * * * Before attempting to answer your last communication I desire to investigate the matter and upon receipt of requisite information will write you further." Does this look like the matter had been finally closed? If closed, why "investigate" further? Why, if the matter had been finally closed, did he say, "upon receipt of requisite information will write you further?" On May 17, 1933, Mr. Phillips wrote the plaintiff, stating: "Referring again to your letter of February 22nd, on the above subject (claim here involved) may we say that this item has not been neglected but has been a matter of frequent discussion with the Brotherhood officers." Does this look like the claim was considered on May 17, 1933, as having been finally rejected on July 1, 1932? Clearly not. We do not think the court erred in this connection.

Judgment affirmed.